# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-1442V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
NIKYSHA CYRUS, as natural                     *
guardian and legal representative             *
of her minor son, J.B.,                       *
                                              *
                        Petitioner,           *          Filed: February 15, 2017
                                              *
v.                                            *          Decision by Stipulation;
                                              *          Damages; Influenza Vaccine;
SECRETARY OF HEALTH AND                       *          Transverse Myelitis
HUMAN SERVICES                                *
                                              *
                        Respondent.           *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * *

## <u>DECISION</u>

**HASTINGS, <u>Special Master</u>.**

    This is an action seeking an award under the National Vaccine Injury Compensation Program[1] on account of an injury suffered by J.B., the son of Nikysha Cyrus.  On February 13, 2017, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation.  The parties have stipulated that Petitioner shall receive the following compensation for all damages that would be available under 42 U.S.C. §300aa-15(a):

### 1. *Lump Sums*

    a.  Respondent shall make a lump sum payment of $328.00, in the form of a
        check payable to Petitioner, Nikysha Cyrus, representing compensation for
        past unreimbursable expenses.

---

[1] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.).

b.   Respondent shall make a lump sum payment of $760.80, which represents reimbursement of a lien for services rendered on behalf of Petitioner, in the form of a check payable jointly to Petitioner, Nikysha Cyrus, and

Commonwealth of Pennsylvania
Bureau of Program Integrity
Division of Third Party Liability
Recovery Section
P.O. Box 8486
Harrisburg, PA 17105-8486
  Attn: Kelly I. Long
  CIS # 250174427.

### 2.   Annuity

I consider it in best interest of J.B. that all remaining damages available under 42 U.S.C. §300aa-15(a) be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment.  Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract,[2] as described below.

Each Life Insurance Company must meet the following criteria:

1)  have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2)  have one of the following ratings from two of the following rating organizations:
    a)   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b)  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c)  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
    d)  Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of J.B., pursuant to which the Life Insurance Company will agree to make payments periodically to J.B., as described in paragraph 10 of the attached Stipulation.

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that Stipulation, and the clerk must

---

[2]To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

enter judgment, in order to authorize payment of the award.  See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

I have reviewed the file, and based on that review, I conclude that the parties' Stipulation appears to be an appropriate one.  My decision is that a Program award shall be partly in the form of lump sum payments, and partly in the form of an annuity.  Accordingly, pursuant to the terms of the parties' Stipulation, I award Petitioner:

- a lump sum payment of $328.00, in the form of a check payable to Petitioner;

- a lump sum payment of $760.80, in the form of a check payable jointly to Petitioner and the Commonwealth of Pennsylvania, as described above in paragraph 1(b); and

- an annuity contract, pursuant to which the Life Insurance Company will make periodic payments to J.B., as described in paragraph 10 of the attached Stipulation.

In the absence of a timely-filed motion for review of this Decision, the Clerk of this court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

           /s/ George L. Hastings, Jr**.**
           George L. Hastings, Jr.
           Special Master

---

[3]The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

NIKYSHA CYRUS, as Natural Guardian      )
and Legal Representative of her Minor Son, )
J.B.,                                    )
                                         )
              Petitioner,                )      No. 15-1442V
v.                                       )      Special Master George L. Hastings
                                         )
SECRETARY OF HEALTH AND HUMAN )
SERVICES,                                )
                                         )
              Respondent.                )

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, J.B., petitioner filed a petition for vaccine compensation under

the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to J.B.'s receipt of the

influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"),

42 C.F.R. § 100.3 (a).

2. J.B. received his immunization on December 4, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused J.B. to suffer from transverse myelitis

("TM"), and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on behalf of J.B. as a result of his condition.

6. Respondent denies that the vaccine caused J.B.'s alleged TM or any other injury.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

   a. A lump sum of $328.00 which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Nikysha Cyrus;

   b. A lump sum of $760.80, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

> Commonwealth of Pennsylvania
> Bureau of Program Integrity
> Division of Third Party Liability
> Recovery Section
> P.O. Box 8486
> Harrisburg, PA 17105-8486
> Attn: Kelly I. Long
> CIS #: 250174427

Petitioner agrees to endorse this payment to the Commonwealth of Pennsylvania.

   c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b.   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of J.B, pursuant to which the Life Insurance Company will agree to make payments periodically to J.B. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. $33,255.74 payable in a certain lump sum on 03/09/2023.

    b. $36,124.56 payable in a certain lump sum on 03/09/2025.

    c. $38,816.36 payable in a certain lump sum on 03/09/2027.

    d. $42,852.25 payable in a certain lump sum on 03/09/2030.

The payments provided for in this paragraph 10 shall be made as set forth above.  Should J.B. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of J.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of J.B. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of J.B., on behalf of herself, J.B., and his heirs,

4

executors, administrators, successors or assigns, does forever irrevocably and unconditionally

release, acquit and discharge the United States and the Secretary of Health and Human Services

from any and all actions or causes of action (including agreements, judgments, claims, damages,

loss of services, expenses and all demands of whatever kind or nature) that have been brought,

could have been brought, or could be timely brought in the Court of Federal Claims, under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or

in any way growing out of, any and all known or unknown, suspected or unsuspected personal

injuries to or death of J.B. resulting from, or alleged to have resulted from, the vaccination

administered on December 4, 2012, as alleged by petitioner in a petition for vaccine

compensation filed on or about December 1, 2015, in the United States Court of Federal Claims

as petition No. 15-1442V.

17. If J.B. should die prior to entry of judgment, this agreement shall be voidable upon

proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

5

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused J.B. to suffer TM or any other injury or condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of J.B.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

NIKYSHA CYRUS

ATTORNEY OF RECORD FOR
PETITIONER:

NANCY R. MEYERS, ESQ.
WARD BLACK LAW, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
Tel: (336) 333-2244

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: February 13, 2017

7